JS 44 (Rev 06/17)  CIVIL COVER SHEET  19-cv-2377

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ALICIA LONG

**DEFENDANTS**
MERAKEY FOUNDATION           19  2377

(b) County of Residence of First Listed Plaintiff: PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
David M. Koller, Esquire, Koller Law LLC, 2043 Locust Street, Suite 1-B, Philadelphia, PA 19103, 215-545-8917

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise |  | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
|  |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / Habeas Corpus: |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964 ("TitleVII")
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

MAY 30 2019

DATE: 05/30/2019
SIGNATURE OF ATTORNEY OF RECORD: David M. Koller, Esq.

**FOR OFFICE USE ONLY**
RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19   2377

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 10101 Northeast Avenue, Apt. C1, Philadelphia, PA 19116

Address of Defendant: 2900 Southampton Road, Philadelphia, PA 19154

Place of Accident, Incident or Transaction: Philadelphia, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/30/2019    /s/ David M. Koller    Attorney-at-Law / Pro Se Plaintiff    90119    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. [✓] Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases *(Please specify)* _____

**B.  Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify)* _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, David M. Koller, counsel of record or pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

[ ] Relief other than monetary damages is sought.

MAY 30 2019

DATE: 05/30/2019    /s/ David M. Koller    Attorney-at-Law / Pro Se Plaintiff    90119    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Alicia Long                             : CIVIL ACTION  19  2377
           v.                           :
Merakey Foundation                      : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53 2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (✓)

5/30/19        David M. Koller           Plaintiff
Date           Attorney-at-law    as7    Attorney for

215-545-8917   215-575-0826       davidk@Kollerlawfirm.com
Telephone      FAX Number         E-Mail Address

(Civ. 660) 10/02

MAY 30 2019

MAY 30 2019

**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Sarah R. Lavelle, Esq. (93383)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICIA LONG<br>10101 Northeast Avenue<br>Apartment C1<br>Philadelphia, PA 19116<br>   Plaintiff, <br><br>v.<br><br>MERAKEY FOUNDATION<br>2900 Southampton Road<br>Philadelphia, PA 19154<br><br>620 East Germantown Pike<br>Lafayette Hill, PA 19444<br>   Defendant. | Civil Action No.<br><br>**Complaint and Jury Demand** |

### CIVIL ACTION

Plaintiff, Alicia Long (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, brings this civil matter against Defendant, Merakey Foundation (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff is an adult individual residing at the above captioned address.

2. Upon information and belief, Merakey Foundation is a development, behavioral health and

education provider with a location at 2900 Southampton Road, Philadelphia, PA 19154 and a with a headquarters located at 620 East Germantown Pike, Lafayette Hill, PA 19444.

3. At all times relevant hereto, Plaintiff worked at Defendant's 299 Southampton Road, Philadelphia, PA 19154 location.

4. At all times relevant hereto, Defendant was an "employer" within the meaning of Title VII and the PHRA.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States

and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff exhausted her administrative remedies under Title VII.

12. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment and retaliation against Defendant.

13. The Complaint was assigned a Charge Number 530-2019-01560 and was dual filed with the Pennsylvania Human Relations Commission.

14. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") dated March 1, 2019. Plaintiff received the Notice by mail.

15. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

16. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

17. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

18. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

19. On July 20, 2009, Defendant hired Plaintiff in the position of Residential Counselor.

20. Plaintiff was well qualified for her position and performed well.

21. In February 2010, Defendant promoted Plaintiff to Assistant Program Specialist.

22. Plaintiff was well qualified for her position and performed well.

23. In or around the spring of 2017, Matthew Connolly, Director of Day Services and Plaintiff's immediate supervisor, began to send her flirtatious text messages even though she did not give him her cell phone number.

24. Approximately two (2) weeks later, Mr. Connolly began to ask Plaintiff out on dates.

25. Plaintiff denied Mr. Connolly's sexual advances.

26. On May 21, 2017, Mr. Connolly sent Plaintiff a picture of his erect genitalia.

27. Plaintiff continued to deny Mr. Connolly's advances.

28. In addition, Mr. Connolly began to stand inside of Plaintiff's classroom and stare at her while she worked many days that she was there.

29. Mr. Connolly's infatuation with Plaintiff was so apparent that even Plaintiff's coworkers, including, but not limited to, Greg Gay, Jahdey LNU and Delareese LNU, Residential Counselors, commented to Plaintiff that he was "obsessed" with her because of how much he stared at her at work.

30. In December 2017 and January 2018, Mr. Connolly texted Plaintiff about the picture he sent to her of his "third leg", that he thought Plaintiff "wanted more of his third leg" and if she needed "a new pic."

31. Plaintiff continued to deny Mr. Connolly's advances.

32. In or around February 2018, Plaintiff informed Mr. Connolly that he was her boss and that she did not think of him romantically.

33. The next week, Mr. Connolly began to nitpick Plaintiff's work product and issued her multiple write ups for attendance violations that she did not commit.

34. In or around the end of March 2018, Plaintiff reported Mr. Connolly's sexual harassment and retaliation to Barbara Gordon, Union Liaison, in person.

35. Plaintiff also produced Mr. Connolly's sexually harassing text messages to Ms. Gordon.

36. Ms. Gordon responded to Plaintiff's complaint by telling her that she "always knew he was a creep."

37. Plaintiff took this to mean that Mr. Connolly had a history of sexually harassing female employees.

38. Ms. Gordon also instructed Plaintiff to send her a statement via email. Plaintiff followed Ms. Gordon's instructions.

39. In or around mid-April 2018, Defendant terminated Mr. Connolly.

40. Shortly after Mr. Connolly's termination, Plaintiff's coworkers, including, but not limited to, Nicole LNU, Assistant Program Specialist, asked Plaintiff if she had been the one to get Mr. Connolly terminated and if he had sent her an inappropriate picture.

41. Moreover, Samantha Warner, Assistant Director of Day Services, who was close friends with Mr. Connolly, made it be known that she was upset that Mr. Connolly had been terminated as a result of Plaintiff's sexual harassment complaint.

42. In or around the same time, Plaintiff began applying for supervisory positions that she was well qualified for within Defendant, but at other locations.

43. Plaintiff was interviewed for these positions as well.

44. However, Ms. Warner learned of Plaintiff's applications, and she spoke with the individuals at the locations to where Plaintiff had applied. Ms. Warner stated that Plaintiff was responsible for Mr. Connolly's termination.

45. Following Ms. Warner's discussions with the individuals at these locations, Plaintiff did not hear anything further about her applications.

46. Ms. Warner made disparaging statements about Plaintiff to retaliate against Plaintiff for complaining of sexual harassment.

47. As a result of Ms. Warner's retaliatory conduct, Plaintiff was not selected for any of the supervisory positions for which she had applied.

48. Defendant denied Plaintiff promotional opportunities in retaliation for complaining of sexual harassment.

49. On July 6, 2018, Plaintiff submitted her resignation to Ms. Warner to be effective July 19, 2018.

50. Plaintiff was constructively discharged from Defendant.

### COUNT I – SEX DISCRIMINATION
### (SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT)
### **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

51. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

52. By the conduct set forth above, Defendant engaged in unlawful employment discrimination.

53. Taken together, the acts outlined above constitute a hostile work environment based on sex.

    a. Plaintiff suffered intentional discrimination because of her membership in a protected class – female.

     b. Such discrimination was severe, pervasive, and regular.

     c. Such discrimination detrimentally affected Plaintiff.

     d. Such discrimination would have detrimentally affect a reasonable person of the same protected class in Plaintiff's position.

54. The unlawful employment practices outlined above were intentional.

55. Defendant knew or should have known of the sexual harassment.

56. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

57. As a result of Defendant's actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish, and loss of enjoyment of life's pleasures.

58. *Respondent superior* liability exists such that Defendant is strictly liable for the actions of Mr. Connolly.

59. The above described acts of Defendant with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff.

60. The extreme and outrageous acts of Defendant merit the imposition of punitive damages.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – SEX DISCRIMINATION
### (SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT)
### PENNSYLVANIA HUMAN RELATIONS ACT

61. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

62. The foregoing conduct created a sexually hostile work environment for Plaintiff.

63. Defendant conditioned Plaintiff's employment upon her.

64. Plaintiff suffered intentional discrimination because of her sex.

65. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe and pervasive.

66. The harasser was a supervisor of Plaintiff.

67. *Respondent superior* liability exists such that Defendant is strictly liable for the actions of Mr. Connolly.

68. The discrimination detrimentally affected Plaintiff.

69. Plaintiff suffered tangible employment actions as alleged herein.

70. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

71. Defendant knew or reasonably should have known of the sexual harassment.

72. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT III – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

73. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

74. Plaintiff engaged in activity protected by Title VII when she reported sexual harassment.

75. Defendant took adverse employment actions against Plaintiff, including, but not limited to, providing negative job references and denying her promotional opportunities.

76. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

77. Defendant forced Plaintiff to terminate her employment as a result of reporting sexual

harassment.

78. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IV – RETALIATION
### PENNSYLVANIA HUMAN RELATIONS ACT

79. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

80. Plaintiff engaged in activity protected by the PHRA when she reported sexual harassment.

81. Defendant took adverse employment actions against Plaintiff, including, but not limited to, providing negative job references and denying her promotional opportunities.

82. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

83. Defendant forced Plaintiff to terminate her employment as a result of reporting sexual harassment.

84. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Alicia Long, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Emotional pain and suffering;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences;

(h) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(i) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: May 30, 2019        **By:**    *[signature]*

David M. Koller, Esquire
Sarah R. Lavelle, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

*Counsel for Plaintiff*

11